***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted December 2, affirmed December 29, 2022, petition for review denied
April 20, 2023 (371 Or 21)

In the Matter of A. L. D.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

E. M. D.,
*Appellant.*

Douglas County Circuit Court
19JU09290; A178947

George William Ambrosini, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Father appeals from a judgment terminating his parental rights to his daughter, A. As relevant here, termination of parental rights is appropriate if the court finds that the parent is "unfit by reason of conduct or condition seriously detrimental to the child or ward and integration of the child or ward into the home of the parent *** is improbable within a reasonable time due to conduct or conditions not likely to change," ORS 419B.504, and "if the court finds [that termination] is in the best interests of the ward," ORS 419B.500(1). The juvenile court here concluded that father was unfit because (1) he had engaged in criminal conduct that impaired his ability to care for A, (2) his incarceration impaired his availability to care for her, and (3) he had failed to present a viable plan for A's return to his care. ORS 419B.504. The court also concluded that father's conduct was seriously detrimental to A and that termination of his rights was in A's best interests. ORS 419B.500(1). Having reviewed the record *de novo*, we reach the same conclusion.

Affirmed.